**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4546**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERTO FLORENCIO DELA CRUZ,

Defendant - Appellant.

---

**No. 13-4627**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERTO FLORENCIO DELA CRUZ,

Defendant - Appellant.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:12-cr-00362-NCT-3; 1:13-cr-00049-NCT-1)

---

Submitted: April 29, 2014            Decided: May 7, 2014

---

Before KING, SHEDD, and AGEE, Circuit Judges.

———————

Dismissed in part, affirmed in part by unpublished per curiam opinion.

———————

Christopher F. Cowan, LAW OFFICE OF CHRIS F. COWAN, Columbus, Ohio, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Roberto Florencio Dela Cruz appeals the fifty-eight month sentence imposed following his guilty plea to conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2012) (the "marijuana conspiracy sentence," or "Case No. 1:12-cr-00362"), and the consecutive twenty-seven month sentence imposed for his violation of the terms of his supervised release on a prior conviction (the "revocation sentence," or "Case No. 1:13-cr-00049"). On appeal, Dela Cruz raises numerous claims of procedural and substantive sentencing error. He also asserts that his counsel provided constitutionally ineffective assistance at sentencing. The Government asks this court to dismiss Dela Cruz's appeal of the marijuana conspiracy sentence, except as to his ineffective assistance claim, based on the appellate waiver provision in his plea agreement. For the reasons that follow, we dismiss the appeal of Case No. 1:12-cr-00362 in part and affirm as to all remaining issues.

                              I.

We review de novo "the validity and effect of an appellate waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). We will enforce an appellate waiver that was entered knowingly and intelligently if the issue appealed falls within the waiver's scope. United States v. Poindexter,

492 F.3d 263, 270 (4th Cir. 2007). Dela Cruz does not contest the knowing and voluntary nature of his waiver.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (internal quotation marks omitted). However, "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Even where an appellate waiver provision is valid, we will not enforce the waiver to preclude "a few narrowly-construed errors" that fall automatically outside its scope. United States v. Copeland, 707 F.3d 522, 530 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013) (internal quotation marks omitted). This "narrow class of claims" encompasses those claims "the defendant could not have reasonably contemplated when the plea agreement was executed." Poindexter, 492 F.3d at 270 (internal quotation marks omitted). "[T]he type of 'illegal' sentence which a defendant can successfully challenge despite an appeal waiver involves fundamental issues, including claims that a district court exceeded its authority, premised its sentence on a constitutionally impermissible factor such as race, or violated the post-plea right to counsel." Copeland, 707 F.3d at 530 (internal quotation marks and alterations omitted).

4

Dela Cruz asserts that the challenges he raises to his marijuana conspiracy sentence are fundamental in character and of a type that he could not have contemplated when he entered his plea agreement. Additionally, he asserts, because the sentencing proceedings he received were not part of the bargain he reached with the Government, they fall outside the scope of his appellate waiver.

We are not persuaded by these arguments. The fact that Dela Cruz did not anticipate the specific sentencing errors that he alleges does not preclude their valid waiver. An appellate waiver remains valid as long as the defendant was aware of the general consequences of waiving his appellate rights, even if he did not know its "specific detailed consequences." See Thornsbury, 670 F.3d at 537 (emphasis and internal quotation marks omitted). Nor do we find these errors to be so "fundamental" in character as to be unwaivable. He alleges neither a sentence wholly outside the court's authority nor constitutional defects in the sentencing process, but rather prosaic sentencing errors that fall squarely within the scope of his waiver.

Because we conclude Dela Cruz's challenges to the marijuana conspiracy sentence are within the waiver's scope, we dismiss Dela Cruz's appeal of Case No. 1:12-cr-00362 in part. Dela Cruz's claim of ineffective assistance of counsel, which is

5

exempted from the appellate waiver's scope according to its plain terms, will be addressed in Part III.

## II.

Dela Cruz generally asserts that the district court imposed a plainly unreasonable revocation sentence by running the revocation sentence consecutively to the marijuana conspiracy sentence. He specifically alleges the following errors: the court's apparent reliance on the wrong presentence report during the sentencing hearing, its inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors and insufficient analysis of defense counsel's arguments, the court's failure to explain its reasons for imposing a consecutive sentence and its presumption that the Guidelines' recommendation for a consecutive sentence would result in an appropriate sentence, and a consecutive sentence greater than necessary to satisfy the goals of sentencing.

In reviewing a sentence imposed following revocation of supervised release, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence if it is within the prescribed statutory range and not plainly unreasonable. United States v. Webb, 738 F.3d 638, 640 (4th

6

Cir. 2013). We engage in a two-step review process, first considering whether the sentence is procedurally or substantively unreasonable by applying the same principles employed in review of original sentences. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if we find the sentence procedurally or substantively unreasonable must we determine whether it is "plainly" so. Moulden, 478 F.3d at 657.

A revocation sentence is procedurally reasonable if the district court has considered the applicable § 3553(a) factors and the policy statements contained in Chapter Seven of the Guidelines, Crudup, 461 F.3d at 440, and adequately explained the chosen sentence, United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court stated a proper basis for imposing that sentence. Crudup, 461 F.3d at 440. Ultimately, the district court has broad discretion to revoke supervised release and impose a sentence up to the statutory maximum. Moulden, 478 F.3d at 657.

Where the sentencing court imposes multiple sentences simultaneously, the court may order the terms to run concurrently or consecutively. See 18 U.S.C. § 3584(a) (2012). In electing between these options, the court is required to consider the § 3553(a) factors "as to each offense for which a term of imprisonment is being imposed." Id. § 3584(b) (2012).

7

The Guidelines state that any revocation sentence of imprisonment "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S. Sentencing Guidelines Manual ("USSG") § 7B1.3(f), p.s. (2012); see USSG § 7B1.3 cmt. n.4 (recommending "that any sentence of imprisonment for a criminal offense that is imposed after revocation of . . . supervised release be run consecutively to any term of imprisonment imposed upon revocation"). "We consider the commentary and policy statements set forth in the Guidelines to be authoritative . . . to the extent that they are not inconsistence with an applicable statute . . . ." United States v. Medina-Campo, 714 F.3d 232, 237 n.4 (4th Cir.), cert. denied, 134 S. Ct. 280 (2013).

In announcing a sentence, "the district court need not robotically tick through § 3553(a)'s every subsection" but "must place on the record an individualized assessment" of the defendant that "provide[s] a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 329-30 (4th Cir. 2009) (internal quotation marks omitted). A court imposing a revocation sentence need not provide as detailed an explanation as that required in imposing an original sentence, but it "still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal

8

quotation marks omitted).  The court's explanation must be sufficient "to satisfy an appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority in light of § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010) (internal quotation marks and alterations omitted).

We have thoroughly reviewed the record and find Dela Cruz's challenges unavailing.  First, the record establishes that the district court relied on the correct presentence report in sentencing Dela Cruz.  Although the court made reference to an incorrect report when describing the applicable Guidelines range, the error was noted and the correct range was quickly established.  Further, the sentencing transcript amply demonstrates the court's familiarity with Dela Cruz's presentence report and its use in determining his sentence.  Nor do we find error in the court's analysis and explanation of the sentence.  While the court did not provide an explicit analysis of its reasons for imposing a consecutive revocation sentence, the court's statements to both counsel and Dela Cruz indicated that it was familiar with his history and characteristics and considered those factors in sentencing him.  Counsel readily conceded that requests for concurrent revocation sentences are "rarely granted" and provided no additional argument to justify such a request.  Ultimately, we find the court's explanation

9

adequate to demonstrate its consideration of the relevant § 3553(a) factors and counsel's salient arguments, as well as a sufficiently individualized assessment to support the revocation sentence.

Although sentencing court may not "presume that the appropriate sentence in a given case will come from the Guidelines," Mendoza-Mendoza, 597 F.3d at 216 (citing Rita v. United States, 551 U.S. 338, 351 (2007)), we discern no Rita error in this case. The record demonstrates that the court fully understood its authority to impose concurrent sentences but simply exercised its discretion not to do so. Nor has Dela Cruz met his burden to establish that the within-Guidelines revocation sentence is substantively unreasonable, even when run consecutively to the marijuana conspiracy sentence. See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (recognizing that this court presumes within-Guidelines sentence is reasonable). We therefore find no error, plain or otherwise, in Dela Cruz's revocation sentence. Thus, we affirm the sentence imposed in Case No. 1:13-cr-00049.

## III.

Dela Cruz asserts that his counsel was ineffective in failing to argue for a mitigating role adjustment to his Guidelines range, pursuant to USSG § 3B1.2. To establish a claim of ineffective assistance of counsel, the defendant must

10

show (1) that counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms, and (2) that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the lawyer's ineffectiveness appears conclusively on the record. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). Because ineffective assistance does not conclusively appear on the record before us, we decline to address Dela Cruz's ineffective assistance claim at this juncture, without prejudice to his ability to raise this issue in a 28 U.S.C. § 2255 (2012) motion.

## IV.

Accordingly, we dismiss Dela Cruz's appeal of his marijuana conspiracy sentence in Case No. 1:12-cr-00362, affirm his criminal judgment in Case No. 1:12-cr-00362 as to all remaining issues, and affirm the judgment in Case No. 1:13-cr-00049. Although we grant Dela Cruz's motion to file an addendum to his reply brief, we are unpersuaded by his argument as to its significance. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART